IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20860
Summary Calendar
_____

SHIRLEY SMITH,

                                        Plaintiff-Appellant,

versus

PERRY HOMES, A Joint Venture,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-3637
--------------------
March 18, 2002

Before DeMOSS, PARKER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Shirley Smith appeals the district court's denial of her motion for reconsideration and/or new trial. This case involves a claim for benefits under a life insurance contract issued by Reliance Standard Life Insurance Company ("Reliance"). In 1994, as part of a benefits plan for employees of Perry Homes, A Joint Venture ("Perry Homes"), Reliance issued a term life insurance policy to Donald Wilkerson. Smith, the wife of Wilkerson, was named as the primary beneficiary of the insurance policy. Following Wilkerson's death in 1997, Smith submitted a claim for

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

life insurance benefits as the beneficiary of the policy.  For reasons not germane to this appeal, Smith's claim was denied.

Smith filed suit in Texas state court against Perry Homes and Reliance alleging numerous state law claims arising from the denial of her claim for benefits.  Perry Homes and Reliance removed the matter to federal court and then moved for dismissal, arguing that ERISA preempted all of Smith's state law claims.  Prior to ruling on the defendants' motion for summary judgment, the district court gave Smith an opportunity to amend her complaint and assert an ERISA claim.  Smith did not do so.  Thereafter, the district court held that ERISA applied to the case, and that Smith's claims were preempted.  The district court then entered a final judgment dismissing the case.  (Smith I)

Approximately one year after the dismissal in Smith I, Smith filed the instant action (Smith II) against Perry Homes, again in Texas state court.  Perry Homes removed Smith II to federal court and moved for summary judgment on the ground that Smith's claims were barred by res judicata.  Smith asked the district court to allow her to file an amended complaint alleging only ERISA claims.  The district court granted Perry Homes' motion for summary judgment and dismissed Smith's claims on the merits.

Smith filed a motion for reconsideration and/or new trial arguing that the district court's order in Smith I reserved her right to file a later ERISA claim against Perry Homes.  In support of her contention, Smith relied on King v. Provident Life and Accident Ins. Co., 23 F.3d 926 (5th Cir. 1994), where this court held that claims in a second suit, which would otherwise be

precluded by <u>res judicata</u>, were permissible when the order dismissing the first suit contained an express reservation of the right to bring a second suit on the issue in question. <u>King</u>, 23 F.3d at 928, 930.

Smith's reservation argument was raised for the first time in a Rule 59(e) motion. Smith's motion for reconsideration and/or new trial is properly construed as a Rule 59 motion because a motion challenging the correctness of the judgment is treated as a Rule 59 motion for purposes of Rule 4(a)(4), regardless of the label applied to the motion, if it is made within the 10-day limit for Rule 59 motions. <u>Mangieri v. Clifton</u>, 29 F.3d 1012, 1015 n.5 (5th Cir. 1994)(citation omitted). This court reviews a district court's decision to grant or deny a Rule 59(e) motion for abuse of discretion; the court's decision need only be reasonable. See <u>Midland W. Corp. v. Fed. Deposit Ins. Corp.</u>, 911 F.2d 1141, 1145 (5th Cir. 1990).

Both <u>King</u> and the source material on which it relies require an express reservation of the right to bring a subsequent suit in order to avoid the preclusive effect of a prior judgment. Smith concedes that the district court's order in <u>Smith I</u> does not contain an express reservation of her right to bring a subsequent ERISA claim. Accordingly, the district court in <u>Smith II</u> did not abuse its discretion when it declined to extend <u>King</u> to her case. Therefore, the district court's judgment is affirmed. AFFIRMED.